E-FILED
Friday, 30 April, 2010  03:08:35 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| TYRONE DORN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No.   10-cv-1102 |
| YOLANDE JOHNSON, *Warden, Tamms* | ) |
| *Correctional Center*, | ) |
| | ) |
| Defendant. | ) |

# O R D E R  &  O P I N I O N

This matter is before the Court on Petitioner's Petition for habeas corpus pursuant to 28 U.S.C. § 2254.[1] (Doc. 1).  On October 12, 2005, Petitioner, who was already incarcerated, was sentenced to a term of three years after a jury found him guilty of aggravated battery under 720 ILCS 5/12-4(b)(18) for spitting on a correctional officer.  Petitioner's conviction was affirmed by the Fourth District Appellate Court of Illinois.  Petitioner makes several claims that his conviction and sentence were imposed in violation of his due process and equal protection rights: (1) "there is no specific legislation in the statute books covering" the crime of which he was convicted, (2) he should have been charged with "battery," rather than "aggravated battery" because the indictment mentions only that he spit on a correctional employee, (3) the statute under which Petitioner was convicted is "extremely overlapping," (4) the trial court should have construed the statute

---

[1]  Though Petitioner is confined at Tamms Correctional Center, in the Southern District of Illinois, Judge Gilbert of the Southern District of Illinois transferred the case to the Central District of Illinois, as Petitioner was convicted in Livingston County, which is within this District.  (Doc. 3).

according to the rule of lenity, (5) the prosecutor "selectively and maliciously pursue[d] a harsher statute to impose a greater sentence" because Petitioner is African-Amercian and already a convicted prisoner, and (6) he was sentenced under a "vague and overlapping" statute. (Doc. 1 at 2-5).

Under Rule 4 of the Rules Governing § 2254 Petitions in the United States District Courts, the Court should dismiss obviously meritless claims, and should also screen the Petition for claims that are insufficiently supported by factual allegations. *See* Advisory Committee Note to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts ("It is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer….'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'").

The first, second, and fourth claims are dismissed pursuant to Rule 4, as 720 ILCS 5/12-4(b)(18) specifically raises a battery to the offense of aggravated battery when the defendant "[k]nows the individual harmed to be an officer or employee of the State of Illinois…engaged in the performance of his or her authorized duties as such officer or employee," and Petitioner does not allege that the victim was not an Illinois employee or that he did not know that. It is therefore obvious that the claims that "there is no specific legislation in the statute books covering" the crime of which he was convicted, and that he should have been charged with "battery," rather than "aggravated battery" are meritless. Likewise, Petitioner's fourth claim

is without merit, as he does not identify anything ambiguous about 720 ILCS 5/12-4(b)(18) that would trigger application of the rule of lenity.[2]

The fifth and sixth claims, while referring to potential constitutional grievances, do not state sufficient facts under Rule 4 for the Court to determine whether they have merit. Petitioner's fifth claim alleges selective prosecution on the basis of race in violation of his right to equal protection, but does not state any facts in support, so Petitioner may re-plead it. The sixth claim appears to be a re-statement of the third and fourth claims; Petitioner may re-plead it separately with sufficient factual allegations only if it is distinct from the allegations of the third and fourth claims.

In the third claim, Petitioner does not explicitly state what the statute overlaps with or how the alleged overlap renders the conviction or sentence unconstitutional. It appears from Petitioner's exhibits, though, that he is arguing that 720 ILCS 5/12-4(b) (aggravated battery) overlaps with the prison disciplinary rule against assault, for which he was also written up. (Doc. 1 at Exs. C & D). As the Court at this point cannot say that Petitioner's claim of double punishment on

---

[2] To the extent Petitioner is arguing that the "rule of lenity" requires a court to choose the mildest applicable statute, he misunderstands the rule. Prosecutors have the discretion to choose which statute under which to bring charges, so long as they do not violate Equal Protection (which is apparently alleged in Petitioner's fifth claim). U. S. v. Batchelder, 442 U.S. 114, 124-25 (1979). The rule of lenity is a rule of statutory interpretation applied by courts, requiring ambiguities within a law to be construed in favor of the defendant; it does not constrain prosecutorial discretion. U.S. v. Santos, 553 U.S. 507, 2026 (2008) ("The rule of lenity requires ambiguous criminal laws to be interpreted in favor of the defendants subjected to them.").

this point is without merit, the claim may stand as pled.[3]  Respondent will be ordered to respond to this claim when Petitioner files his Amended Petition.

IT IS THEREFORE ORDERED that Petitioner's claims that "there is no specific legislation in the statute books covering" the crime of which he was convicted, that he should have been charged with battery rather than aggravated battery, and that the trial court should have applied the rule of lenity in his case are DISMISSED pursuant to Rule 4 of the Rules Governing § 2254 Petitions in the United States District Courts.  Petitioner is GRANTED leave to re-plead his remaining claims in order to allege a sufficient factual basis showing possible constitutional errors, as discussed in this Order.  Petitioner's Amended Petition is DUE within 28 days of the date of this Order.

Entered this 30th day of April, 2010.

s/ Joe B. McDade<br>
JOE BILLY McDADE<br>
United States Senior District Judge

---

[3]   To the extent Petitioner may be arguing that 20 Ill. Adm. Code 504. App. A, 501 ("Rule 501") precludes the action under 720 ILCS 5/12-4(b), as the conduct specified in 20 Ill. Adm. Code 504. App. A, 102 ("Rule 102") could be the same as that prohibited by 720 ILCS 5/12-4(b), such an argument is meritless.  Rule 102 covers assaults, such as spitting, and Rule 501 creates a prison offense of "[c]omitting any act that would constitute a violation of State or federal law," where that act is not otherwise prohibited by the prison rules.  Rule 501 provides that it cannot be used as a basis for punishment where the conduct constituting the state law violation would also violate a specific provision of the administrative code.  Petitioner seems to read into these two rules a prohibition against charging him with a violation of a state law where that conduct would also constitute a violation of prison rules.  His interpretation is erroneous.  Rule 501 merely requires that, if an inmate is charged with a specific violation of prison rules, such as Rule 102, that also would constitute a violation of state law, such as 720 ILCS 5/12-4(b), an additional punishment under Rule 501 cannot also be added.  Rule 501 is only applicable where the conduct is not covered by a specific prison rule, but is covered by state law; Rule 501 makes that conduct a prison rule violation, as well.  It does not preclude separate charges on the basis of state law.