# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| TYRONE DORN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.  10-cv-1102 |
| | ) | |
| YOLANDE JOHNSON, *Warden, Tamms* | ) | |
| *Correctional Center,* | ) | |
| | ) | |
| Respondent. | ) | |

## <u>O P I N I O N  &  O R D E R</u>

Before the Court is Petitioner Tyrone Dorn's Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (Doc. 8), filed on June 1, 2010.[1] On July 20, 2010, Respondent filed a Motion to Dismiss (Doc. 13), seeking to dismiss the Petition as untimely pursuant to 28 U.S.C. § 2244(d)(1). Petitioner filed a Response to Respondent's Motion to Dismiss (Doc. 15) on August 26, 2010. Without seeking leave of the Court, Respondent filed a Reply to Petitioner's Response (Doc. 16) on September 2, 2010, prompting Petitioner to file a Surreply (Doc. 17) on October 7, 2010. Finally, on January 18, 2011, Petitioner filed a document entitled "Motion to Vacate" (Doc. 18). For the following reasons, Respondent's Motion to Dismiss is GRANTED and Petitioner's Petition is DISMISSED WITH PREJUDICE. Further,

---

[1] On March 26, 2010, Petitioner had filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 in the United States District Court for the Southern District of Illinois. (Doc. 1). After the action was transferred to the Central District of Illinois, this Court dismissed several of Petitioner's claims pursuant to Rule 4 of the Rules Governing § 2254 Cases and provided Petitioner with the opportunity to re-plead others. (Doc. 6).

Petitioner's "Motion to Vacate" is DENIED. The Court declines to issue a certificate of appealability.

## DISCUSSION

On November 19, 2002, while Petitioner was an inmate at Pontiac Correctional Center in Pontiac, Illinois, he was accused of spitting in the face of a correctional officer. (Doc. 13 at 1). In 2005, Petitioner was charged with aggravated battery for this offense and tried before a jury in the Circuit Court of Livingston County, Illinois. (Doc. 13 at 2). Petitioner was found guilty and sentenced to three years imprisonment. (Doc. 13 at 2). The Illinois Appellate Court, Fourth District, affirmed Petitioner's conviction on January 23, 2008, and the Illinois Supreme Court denied Petitioners' petition for leave to appeal ("PLA") on March 26, 2008. (Doc. 13 at 2). Petitioner did not seek certiorari with the United States Supreme Court, nor did he file any petitions for post-conviction relief in state court. (Doc. 13 at 2). On March 26, 2010, Petitioner filed his original § 2254 Petition with this Court.

In its Motion to Dismiss, Respondent argues that Petitioner's Petition should be dismissed as untimely pursuant to 28 U.S.C. § 2244(d)(1). (Doc. 13 at 4). That provision imposes a one year period of limitations upon the filing of an application for writ of habeas corpus by a person in state custody. Absent an unconstitutional state impediment to filing, a newly recognized or retroactively applicable constitutional right, or a subsequently discovered factual predicate for the claims for relief, the applicable limitations period begins on the date which judgment

becomes final, which is the date on which a petitioner's time to file a petition for writ of certiorari in the United States Supreme Court expires. 28 U.S.C. § 2244(d)(1)(A)-(D); *Jimenez v. Quarterman*, 555 U.S. 113 (2009). Here, unless one of the statutory tolling exceptions applies, Petitioner's conviction became final on June 24, 2008–which is ninety days after the Illinois Supreme Court denied his PLA on direct review—making his Petition untimely.[2] However, the limitations period may also be equitably tolled if Petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S.Ct. 2459, 2562 (2010) (*quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner appears to make three arguments as to why his Petition was not untimely. Petitioner argues that 1) pursuant to §2244(d)(1)(D), his judgment was not final as of June 24, 2008, because he was unaware of the factual predicate for his claims until later, after he had studied the records of his case; 2) he is entitled to equitable tolling because of his lack of legal expertise; and 3) he is entitled to equitable tolling because in 2008 he suffered from a serious illness and was heavily involved in the prosecution of two civil rights cases. (Docs. 15 & 17).

With regards to Petitioner's claim that he did not discover the factual predicate for his claim until some ambiguous date after he had read through his court records, the Court notes that "the trigger in §2244(d)(1)(D) is (actual or imputed) discovery of the claim's 'factual predicate', not recognition of the facts'

---

[2] If judgment became final on June 24, 2008, the deadline for filing with this Court would be June 24, 2009. Petitioner did not file until March 26, 2010. (Doc. 1).

3

legal significance." *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000). Here, Petitioner's only claims for relief that the Court has allowed are those of selective prosecution and double jeopardy. (Doc. 9 at 2). The factual predicate for both of these claims would be that Petitioner was charged with a felony in this case – a fact that Petitioner should have been aware of even if, as Petitioner alleges, the entire case was handled by the Public Defender without any knowledge or input from him. (Doc. 17 at 1). Accordingly, §2244(d)(1)(D) cannot be used to delay the finality of Petitioner's judgment.

Nor is Petitioner entitled to equitable tolling due to his lack of legal expertise. The Seventh Circuit has clearly held that lack of legal expertise is not an extraordinary circumstance sufficient to invoke the doctrine. *Tucker v. Kingston*, 538 F.3d 723, 735 (7th Cir. 2008). With regards to Petitioner's illness, the Court cannot determine that his medical condition posed an extraordinary circumstance such that he could not file his petition for habeas relief. *See Vanatta v. Pennsylvania*, 2010 WL 5341926, at * 6 (E.D. Pa. 2010) (even if a petitioner's illness constitutes an extraordinary circumstance, it must also actually prevent him from filing his habeas petition). Petitioner alleges that "in 2008 [he] was severely fatigued by a very uncomfortable chronic illness" which made "basic human necessities . . . a very daunting task," and required trips to outside hospitals. (Doc. 17 at 2). However, he also states that he was "heavily engaged" in other pending lawsuits, including a civil rights action filed in the United States District Court for the Southern District of Illinois (Doc. 15 at 1), and two post-conviction petitions

filed in Livingston County (Doc. 17 at 2). Because Petitioner appears to have been able to actively litigate those cases while suffering from his illness, the Court cannot find that the illness prevented him from timely filing a petition for habeas relief.[3]

As Petitioner's judgment became final on June 24, 2008, he is not entitled to either statutory or equitable tolling, and he did not file his Petition until March 26, 2010, the Court must GRANT Respondent's Motion to Dismiss, and DISMISS Petitioner's Amended Petition WITH PREJUDICE.

### CERTIFICATE OF APPEALABILTY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(1), a petitioner may only appeal from the court's judgment in his habeas case if he obtains a certificate of appealability. A certificate of appealability may only be issued where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A petitioner need not show that the appeal will succeed, but he must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Miller-El v. Cockrell*, 537 U.S. 322, 337-38 (2003)

---

[3] Nor is Petitioner's decision to litigate those cases at the expense of this one an "extraordinary circumstance" which warrants equitable tolling. Equitable tolling is a remedy reserved for "extraordinary circumstances *far beyond the litigant's control.*" *Nolan v. United States*, 358 F.3d 480, 484 (7th Cir. 2004) (emphasis added).

(*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).  Further, where the district court denies a habeas petition on procedural grounds, such as untimeliness, a petitioner must make a showing that reasonable jurists "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.  If the district court denies the request, a petitioner may request that a circuit judge issue the certificate.  FED. R. APP. PROC. 22(b)(1)(3).

Based upon the record before it, the Court cannot find reasonable jurists would debate that Petitioner's claim is time-barred.  Nor does the Court find Petitioner's entitlement to equitable or statutory tolling to be debatable.  As the basis of Petitioner's claims arise out of the charge against him, Petitioner was or should have been aware of the factual predicate for his claims on the day his judgment became final.  Further, Petitioner's decision to litigate other claims in federal and state court not only fail to constitute extraordinary circumstances which would warrant such tolling, they also demonstrate that his alleged illness did not prevent him from timely filing a habeas petition.  Finally, Petitioner's potential lack of legal expertise is not a sufficient basis for invoking equitable tolling.  *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008).  Accordingly, a certificate of appealability is DENIED.

**PETITIONER'S MOTION TO VACATE**

On January 18, 2011, Petitioner filed a Motion to Vacate (Doc. 18).  In it, Petitioner re-alleges various of his former claims for relief from his conviction, and raises additional ones, in asking the Court to immediately vacate his sentence.  As

Petitioner's Amended Petition for Writ of Habeas Corpus is already pending, the Court construes Petitioner's "Motion to Vacate" as an attempt to re-amend his Amended Petition to bring these additional claims for relief. However, nothing pled in Petitioner's "Motion to Vacate" remedies the fact that his original Petition was untimely filed. Accordingly, Petitioner's Motion to Vacate is also DENIED.

## CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (Doc. 13) is GRANTED and Petitioner's Amended Petition (Doc. 8) is DISMISSED WITH PREJUDICE. In addition, Petitioner's "Motion to Vacate" (Doc. 18) is DENIED, and the Court declines to issue a Certificate of Appealability. IT IS SO ORDERED. CASE TERMINATED.

Entered this 14th day of February, 2011.

                                                              s/ Joe B. McDade
                                                               JOE BILLY McDADE
                                            United States Senior District Judge